# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR358** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JESSE TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR" or "Revised PSR") on April 26, 2006. These Amended Tentative Findings are issued in order to clarify the Court's position after receipt of this PSR.

Previously, the Court issued Tentative Findings with respect to the Defendant's objections (Filing No. 35) to the previous version of the PSR. According to the Addendum to the previous PSR, the government also objects although it did not file its objection pursuant to the Order on Sentencing Schedule. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Amended Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The parties both object to ¶ 21, which includes a 4-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(5) (use or possession of a firearm with respect to another felony). The plea agreement provides in ¶ 4 that, pursuant to Rule 11(c)(1)(C), a § 2K2.1(b)(5) shall not apply. Absent unusual circumstances, the Court intends to honor the plea agreement, and the objections are tentatively granted.

The Defendant also objects without discussion to ¶ 43, which includes background information. The objection lacks specificity. (Filing No. 31, ¶ 6(c) (requiring that an objection state the "specific nature" of the objection).) Also, the information in ¶ 43 does not affect the sentencing guideline calculation. The objection is denied.

In summary, based upon the April 26, 2006, version of the PSR and the Court's Tentative Findings, the Court intends to sentence the Defendant within a guideline range of 57-71 months based on total offense level 21 and criminal history category IV. The Court will discuss with the parties whether they waive their right to receipt of the April 26, 2006, PSR less than 7 days prior to sentencing. Fed. R. Crim. P. 32(g).

IT IS ORDERED:

1. The Defendant's Objections to the Revised Presentence Investigation Report (Filing No. 35) are granted and denied as follows:

    a. the objection to ¶ 21 is granted; and

    b. the objection to ¶ 43 is denied;

2. Otherwise the Court's tentative findings are that the Revised Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 27th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge